**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KUKSON LEE, etc., et al.,

        Plaintiffs,

vs.                                    Case No. 3:06-cv-759-J-32HTS

KAY LEE, etc., et al.,

        Defendants.

## **ORDER**[1]

This case is before the Court on Defendants', Kay Lee, Moonja Ritzer, and William F. Ritzer, Motion for Summary Judgment as to their Breach of Contract Counterclaim against Plaintiff Kukson Lee Fenner. (Doc. 11).

**I.    BACKGROUND**

Plaintiffs, Kukson Lee Fenner and Charles J. Fenner[2], brought suit against Defendants, Kay Lee, Moonja Ritzer, William F. Ritzer, and Mickey Kwang, alleging

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2] Defendants contend that Charles J. Fenner is not a party to the contract and thereby requests the Court to enter judgment for Defendants on all of Charles J. Fenner's claims against Defendants. (Doc. 23). This issue is not addressed in this Order. Thus, this Order should not be construed as ruling either favorably or unfavorably on Defendants' Motion for Summary Judgment (Doc. 23) and references hereinafter to "Plaintiffs" are simply acknowledging that both Kukson Lee Fenner and Charles J. Fenner have filed this lawsuit.

that Defendants committed fraud in connection with the sale of the Airport Health Club, a massage business. (Doc. 2, exhibit C). Plaintiffs purchased the Airport Health Club from Defendants, Kay Lee, Moonja Ritzer and William Ritzer for the sum of $117,500.00. (Doc. 2, exhibit C). Plaintiffs paid Defendants $100,000.00 up front and by the terms of the contract were due to pay an additional $17,500.00 by October 5, 2005. (Doc. 2, exhibit C). The contract also stated that if Plaintiffs defaulted on the remaining balance they must either pay double the unpaid amount or forfeit the $100,000.00 down payment. (Doc. 2, exhibit C). Plaintiffs contend that Defendants fraudulently induced them into purchasing the Airport Health Club by falsely representing the number of daily customers the business received. (Docs. 2 and 24). Plaintiffs bring four claims against Defendants: (1) fraud, (2) conspiracy to commit fraud, (3) fraud-recission, and (4) breach of contract.[3] (Doc. 2).

Defendants, Kay Lee, Moonja Ritzer, and William F. Ritzer, assert counterclaims claiming that Plaintiffs Kukson Lee Fenner and Charles J. Fenner[4] breached the contract by failing to pay the remaining $17,500.00 balance, or a default

---

[3] Plaintiffs' breach of contract claim contends that the average number of daily customers was material to the contract and that Defendants breached the contract by failing to deliver what was promised: a profitable, productive business. (Docs. 2 and 24).

[4] Although Defendants allege that Charles J. Fenner is not a party to the contract (Doc. 23) they asserted counterclaims against both Kukson Lee Fenner and Charles J. Fenner. (Doc. 3).

amount of $35,000.00.  (Doc. 3).  Defendants moved for summary judgment on their counterclaim against Plaintiff, Kukson Lee Fenner[5] on the breach of contract claim. (Doc. 11).  Plaintiffs[6] filed a response in opposition to this motion.  (Doc. 15). Defendants filed a reply (Doc. 22), and Plaintiffs filed a sur-reply (Doc. 24).

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is proper where "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  "The burden of demonstrating the satisfaction of this standard lies with the movant, who must present pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that establish the absence of any genuine material, factual dispute."  Branche v. Airtran Airways, Inc., 342 F.3d 1248, 1252-53 (11th Cir. 2003) (internal quotations omitted).  An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmovant.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986).  In determining whether summary judgment is appropriate, a court must draw inferences from the evidence in the light most favorable to the nonmovant and resolve all

---

[5] Charles J. Fenner was not included in Defendants' summary judgment motion on their counterclaim for breach of contract.  (Doc. 11).

[6] Even though Charles J. Fenner was not included in Defendants' summary judgment motion (Doc. 11), counsel for Plaintiffs responded for both Kukson Lee Fenner and Charles J. Fenner.  (Doc. 15).

3

reasonable doubts in that party's favor. Centurion Air Cargo, Inc. v. United Parcel Serv. Co., 420 F.3d 1146, 1149 (11th Cir. 2005).

## III.     DISCUSSION

There is no dispute that Florida substantive law applies to this diversity case. In order to succeed on a breach of contract claim under Florida law, a party must prove that (1) a contract existed, (2) the contract was breached, and (3) damages flowed from that breach. A.R. Holland, Inc. v. Wendo Corp., 884 So.2d 1006, 1008 (Fla. 1st DCA 2004). Plaintiffs contend that because Defendants fraudulently induced them into purchasing the Airport Health Club the contract is unenforceable  (Doc. 2). "As a general rule, it is a matter for the jury to determine if an intentional misrepresentation has been made by a seller to a buyer." D & M Jupiter v. Friedopfer, 853 So. 2d 485, 486 (Fla. 4th DCA 2003).  Furthermore, fraudulent misrepresentations vitiate every part of a contract. Id.; See Oceanic Villas Inc. v. Godson, 2 So.2d 689, 690 (Fla. 1941).  Thus, since the initial determination of whether Defendants fraudulently induced Plaintiffs is a matter involving disputed issues of fact that have yet to be resolved, Defendants cannot prove as a matter of law that a valid contract existed.[7]

---

[7] Defendants contend that because Plaintiffs are suing for damages, they have affirmed the contract and are thus bound by its terms.  (Doc. 22).  This Court is not persuaded by that argument.  Plaintiffs sued for $100,000.00, which was that amount paid up-front for the business. (Doc. 2). Furthermore, it seem apparent that Plaintiffs are pleading in the alternative, which is permitted under Fed. R. Civ. P. 8(e)(2).

Accordingly it is hereby

**ORDERED**:

1. Defendants' Motion for Summary Judgment (Doc. 11) is **DENIED**.

2. On January 31, 2007, Defendants, Kay Lee, Moonja Ritzer, and William F. Ritzer, filed a Motion for Summary Judgment arguing that Defendants are due to be granted summary judgment on the claims brought by Plaintiff, Charles J. Fenner as he is not a party to the contract. (Doc. 23). As of today's date, Plaintiff, Charles J. Fenner, has failed to respond. If Charles J. Fenner does not respond by April 16, 2007, the Court will rule on the motion, assuming it is unopposed.

**DONE AND ORDERED** at Jacksonville, Florida this 26th day of March, 2007.

TIMOTHY J. CORRIGAN
United States District Judge

a.

Copies:

counsel of record

---

(Docs. 2 and 24).